UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Barbara S.,

    Plaintiff,

    v.                                                    Civil Action No. 5:11-cv-44

Commissioner of Social Security,

    Defendant.

**REPORT AND RECOMMENDATION**
(Doc. 26)

    Plaintiff Barbara S. has successfully contested the final decision of the Commissioner of Social Security denying her application for disability benefits under the Social Security Act. (*See* Doc. 29-1.) Pursuant to 42 U.S.C. § 406(b), Plaintiff's attorney, Siobhan McCloskey, now files a Motion for Award of Attorney Fees in the amount of $5,745.25. (Doc. 26.) Though having no direct stake in the Court's adjudication of the Motion, the Commissioner objects to its late filing. (Doc. 29.) For the reasons explained below, I recommend that the Court sustain the Commissioner's objection and DENY Plaintiff's Motion for Award of Attorney Fees as untimely.

**Factual Background**

    On August 31, 2017, an Administrative Law Judge (ALJ) found that, based on Plaintiff's disability insurance benefits application filed on February 8, 2005,

Plaintiff had been disabled under the Social Security Act since May 1, 2003. (Doc. 29-1 at 6.) On September 17, 2017, the Social Security Administration (SSA) mailed notices of the decision to Plaintiff and her dependents, and mailed copies of the notices to Plaintiff's counsel. (Docs. 29-2–29-4.) Approximately five months later, on February 13, 2018, the SSA mailed amended notices of the award to Plaintiff and her dependents, again mailing copies to counsel. (Docs. 29-5–29-7.) These amended notices apparently corrected the amount of benefits being withheld for payment of attorney fees. (*Compare* Docs. 29-2–29-4 *with* Docs. 29-5–29-7.)

On April 15, 2019—over 14 months after the amended notices were mailed to her—Plaintiff's attorney filed the instant Motion for § 406(b) fees. (Doc. 26.) Therein, Attorney McCloskey seeks $5,745.25 in attorney fees, pursuant to the contingency fee agreement that she and Plaintiff entered into on May 1, 2012, for legal services that McCloskey provided regarding the appeal of Plaintiff's disability claim in federal court. (*Id.* at 1–2, 5–6; Doc. 26-1 at 2–3.) Counsel claims that the contingency fee agreement was proper, as it awarded her "no more than 25% of the total of [Plaintiff's] back benefits." (Doc. 26 at 5; *see* Doc. 26-1 at 2.) She further contends that she represented Plaintiff zealously at the administrative level and beyond, resulting in Plaintiff and her two daughters being awarded benefits. (Doc. 26 at 6.) Counsel explains that she would be entitled to $8,045.25 in fees, but because she failed to properly seek her fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, the amount she is entitled to should be reduced by the amount of EAJA fees she would have received, which counsel posits would have

2

been $2,300, given that she performed 23 hours of work at a rate of $100 per hour at the federal level.[1]  (Doc. 26 at 2, 6.)

## Analysis

Fees for representing social security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  Section 406(a) controls fees for a claimant's representation in administrative proceedings, and § 406(b) controls attorney fees for representation in court.  *Id*.  Unlike fees obtained under the EAJA[2], the fees awarded under § 406 are charged against the claimant, not the government.  *Id*. at 796.

Under 42 U.S.C. § 406(a), an attorney who has represented a claimant "in any claim before the Commissioner for [social security] benefits" may file a fee petition with the Commissioner to receive limited fees for the claimant's representation at the administrative level.  *Gisbrecht*, 535 U.S. at 794–95; *see* 20 C.F.R. §§ 404.1725(a), 416.1525(a).  Under § 406(b), an attorney who has successfully represented a social security claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the

---

[1] The Commissioner points out that the EAJA fees award could have been as much as $2,875, given the EAJA's allowance of up to $125 per hour for attorney fees.  (Doc. 19 at 8–9 (citing 28 U.S.C. § 2412(d)(2)(A)).)

[2] The EAJA is a fee-shifting statute mandating that the court "shall" award "reasonable fees and expenses of attorneys" to parties prevailing in a civil action against the government, to be paid by the government, when the government's position was not "substantially justified."  28 U.S.C. § 2412(b), (d)(1)(A); *see Allen v. Bowen*, 821 F.2d 963, 964 (3rd Cir. 1987) ("[T]he EAJA provides for a mandatory award of counsel fees to qualified prevailing parties in certain civil actions against the United States.").  The EAJA provides that the attorney fee award may not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee."  *Id*. at § 2412(d)(2)(A).

past-due benefits to which the claimant is entitled by reason of such judgment."
42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. Section 406(b) has been harmonized with the EAJA so that, although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)"). Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent fee agreements. *Id.* at 809.

Pursuant to 28 U.S.C. § 2412(d)(1)(B) and (d)(2)(G), an EAJA fees application must be filed within 30 days of the date that the judgment in favor of the plaintiff is no longer appealable. Because the Commissioner is allowed 60 days from entry of judgment to file a notice of appeal, Fed. R. App. P. 4(a)(1)(B)(iii), the plaintiff must file her fee application on or before the 90th day after entry of judgment. *See Misciagno v. Sec'y of Dep't of Health & Human Servs.*, 786 F. Supp. 1120, 1122 (E.D.N.Y. 1992) ("[T]he successful plaintiff's attorney has ninety days to seek fees after the district court enters a sentence four remand."). Here, that deadline expired on November 29, 2017, 90 days after the ALJ's August 31, 2017 decision awarding benefits. (*See* Doc. 29-1.)

Nonetheless, courts in the Second Circuit have "routinely" found that the 30-day time limit for filing an EAJA fee application may be subject to equitable tolling. *Charles v. Colvin*, No. 13–CV–03432 (FB), 2015 WL 403239, at *1 (E.D.N.Y. Jan. 29, 2015). One court explained: "The Court is empowered to equitably toll the

time to apply for attorney's fees in circumstances where counsel has been unable to timely file despite due diligence." *Batchelder v. Astrue*, No. 10–CV–00267 (MAD), 2012 WL 4513766, at *1 (N.D.N.Y. Oct. 1, 2012). But "garden[-]variety" excuses like the press of business, procedural oversight, miscalculation of a deadline, or "ordinary attorney neglect" are insufficient to warrant equitable tolling. *Charles*, 2015 WL 403239, at *2 (citing *Holland v. Florida*, 560 U.S. 631, 651–52 (2010); *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 512 (2d Cir. 2002); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994)). A litigant seeking to apply the doctrine of equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011). In general, the Second Circuit sets "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling," *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011), which might explain why Plaintiff's counsel has not attempted to seek her unclaimed EAJA fees at this late date.[3]

Counsel does, however, seek attorney fees under 42 U.S.C. § 406(b)(1)(A). As noted above, counsel filed the instant § 406(b) Motion approximately 19 months after she was first notified of Plaintiff's award of benefits in September 2017 and approximately 14 months after an amended notification of the award was mailed to her in February 2018. (*Compare* Docs. 26, 29-2–29-7.) Counsel offers no reason for

---

[3] Counsel states in her Motion that she failed to timely file an EAJA fees application because she "mistakenly thought she had to apply for such fees at the end of the entire case." (Doc. 26 at 2.)

5

the prolonged delay in filing and provides no argument regarding the proper time limit applicable to a § 406(b) fee motion. In fact, the Social Security Act does not require that a § 406(b) fee motion be filed within any specific time limit, which makes the timeliness question "somewhat more complicated." *Geertgens v. Colvin*, No. 13 CIV. 5133 (JCF), 2016 WL 1070845, at *2 (S.D.N.Y. Mar. 15, 2016).

The federal courts are divided on the issue of how to determine the deadline for filing a § 406(b) fee motion, and the Second Circuit has not yet squarely addressed the issue.[4] Ordinarily, the filing period would be governed by Federal Rule of Civil Procedure 54(d), which provides that motions for attorney fees must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). But this limitation period is not workable in the context of a sentence four remand for further proceedings in a social security disability case because the remand divests the court of jurisdiction, *see Shalala v. Schaefer*, 509 U.S. 292, 299–302 (1993), and it will ordinarily take longer than 14 days to determine on remand whether the plaintiff is entitled to past-due benefits from which attorney fees may be derived. *See Garland v. Astrue*, 492 F. Supp. 2d 216, 220 (E.D.N.Y. 2007); *Blitch v. Astrue*, 261 F. App'x 241, 242 (11th Cir. 2008) ("We are very sympathetic with the attorney's plight under the unique circumstances created by a remand judgment under sentence four of 42 U.S.C. § 405(g)[, given that] . . . the amount of fees owed under a contingency arrangement is not established for months

---

[4] The issue has been pending before the Second Circuit since July 12, 2018, when an appeal was filed in *Sinkler v. Berryhill*, 305 F. Supp. 3d 448 (W.D.N.Y. 2018), *appeal docketed*, 18–2044 (2d Cir. July 12, 2018).

after remand, until the [SSA] determines the amount of the client's award."). The Third, Fifth, and Eleventh Circuits have addressed this problem by tolling application of Rule 54(b)'s 14-day filing deadline "until the notice of award is issued by the Commissioner and counsel is notified of that award." *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010); *see id.* at 279 ("[W]e must reconcile [the] requirements [of Rule 54(d)(2)] with the demands of § 406(b) so as to prevent the absurd outcome inherent in applying a deadline that cannot be met[;] [t]he solution lies in the doctrine of equitable tolling."); *see also Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006); *Daniel J. M. v. Comm'r of Soc. Sec.*, No. 5:16-CV-01466 (DEP), 2019 WL 477898, at *3 (N.D.N.Y. Feb. 7, 2019) (citing *Sinkler*, 305 F. Supp. 3d at 452).

Other Circuits, including the Tenth Circuit, have found that a § 406(b) fee motion may be brought under Federal Rule of Civil Procedure 60(b)(6), requiring that the motion be made within a "reasonable time" after the Commissioner's decision awarding benefits. *See, e.g.*, *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006); *see also Geertgens*, 2016 WL 1070845, at *2–3. In *McGraw*, the court noted that it was "uncomfortable" applying the 14-day rule as delineated in Rule 54(d) because of its impracticality as applied in social security cases, and questioned whether the 14-day period was triggered by the court's sentence four remand or instead by the ultimate notice of award of past-due benefits. *McGraw*, 450 F.3d at 504. That court instead applied Rule 60(b)(6), which provides in relevant part that "the court may relieve a party . . . from a final judgment, order, or proceeding" for

7

"any . . . reason that justifies relief." *Id.* at 505. Recognizing that relief under Rule 60(b)(6) is "extraordinary and reserved for exceptional circumstances," the *McGraw* court nonetheless noted that the rule "should be liberally construed when substantial justice will thus be served," and concluded that "[s]ubstantial justice will be served by allowing counsel to seek § 406(b)(1) fees under the authority of Rule 60(b)(6)." *Id.* (internal quotation marks omitted).

While the Second Circuit has remained silent on the issue, there appears to be a lack of consensus among the Circuit's lower courts regarding when to file a § 406(b) fees motion. For example, in the Northern District of New York alone, some judges have found that, even if the 14-day deadline were applicable, delays of up to six months in filing a fee application were the result of "excusable neglect" under Federal Rule of Civil Procedure 6(b)(1)(B), *see Daniel J. M.*, 2019 WL 477898, at *3; *see also Rita M. B. v. Berryhill*, Civil Action No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *4 (N.D.N.Y. Nov. 5, 2018); while other judges in the District have declined to decide the issue or to apply Rule 54's 14-day limit on the grounds that "it would strain the bounds of due process to bar [the p]laintiff from recovering fees given the absence of adequate notice that [the 14-day] time limitation existed," *see Sarah L. v. Colvin*, No. 14-CV-0831, 2018 WL 6178486, at *2 (N.D.N.Y. Nov. 27, 2018). Judge Wolford in the Western District of New York followed a different approach, explaining that the "reasonableness inquiry" to assess the timeliness of a motion "does not provide much clarity for attorneys and the courts in determining the timeliness of the application," and holding that "Rule 54(d)(2)(B) governs the

timing of a § 406(b) motion for attorney's fees," but in order to prevent the 14-day time limitation from becoming "an impenetrable barrier to the recuperation of such fees," "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award." *Sinkler v. Berryhill*, 305 F. Supp. 3d 448, 457, 458 (W.D.N.Y. 2018) (citing *Walker*, 593 F.3d at 280). The court thus found that counsel had 14 days from notification of the notice of award to file a fee petition. *Id.*; *see Sinkler v. Berryhill*, 317 F. Supp. 3d 687, 692 (W.D.N.Y. 2018) ("Plaintiff has not sufficiently explained why the application of Rule 54(d) with equitable tolling is inappropriate in this context, and thus, the Court does not find any reason to withdraw from its adoption of the *Walker* approach." (citation omitted)); *see also Grace v. Berryhill*, No. 1:11-CV-09162 (ALC), 2018 WL 1940420, at *1 (S.D.N.Y. Apr. 23, 2018) ("While the Second Circuit has not provided guidance on this issue, the Court agrees with the other circuit and district courts that have applied Rule 54(d) and adopted the [doctrine of equitable] tolling.").

Whichever of these approaches is applied here, counsel's filing of the instant § 406(b) motion *over 19 months* after counsel was initially notified of Plaintiff's award of benefits and *over 14 months* after counsel was notified of Plaintiff's amended award of benefits, was untimely. Absent some compelling reason—not provided here—neither equitable tolling of the Rule 54(d) 14-day deadline nor calculation of a reasonable period under Rule 60(c) would allow for a period of over one year from the date counsel was notified of her client's award to file her § 406(b)

9

motion for fees. The Court is aware of no case in this District so finding, and Plaintiff cites to none. *See generally Callahan v. Berryhill*, No. 6:17-CV-06245-MAT, 2019 WL 2182934, at *4 (W.D.N.Y. May 21, 2019) (noting that courts within the Second Circuit have found § 406(b) motions that were filed four months and 98 days after notice of award, respectively, were timely; and suggesting a "window of 65 days" to file); *Grace*, 2018 WL 1940420, at *2 (finding motion untimely when counsel first filed an improper fee motion 10 months after notification of award and then filed a proper fee motion nearly two years later); *Rita M. B. v. Berryhill*, No. 5:16-CV-0262 (DEP), 2018 WL 5784101, at *3 (N.D.N.Y. Nov. 5, 2018) (four-month delay between issuance of notice of award and counsel's motion does not preclude recovery of fees); *Fodor v. Berryhill*, No. 13-CV-0784-A, 2018 WL 3237728, at *1 n.1 (W.D.N.Y. July 3, 2018) (motion timely when filed within one month of date of notice of award); *Geertgens*, 2016 WL 1070845, at *3 (noting that courts outside the Second Circuit have found § 406(b) motions filed 32, 55, 59, and 68 days after notice of award, respectively, were timely; but a motion filed nine months after notice was untimely).

Rather, in *Garland*, 492 F. Supp. 2d at 221, Judge Ross of the Eastern District of New York found that a period of 283 days between counsel's notification of an award of benefits and the filing of a motion for fees (almost 150 days less than the 14-month delay at issue here) was "unreasonable unless justified by a compelling reason," which counsel failed to provide. *Cf. Morris v. Comm'r, Soc. Sec. Admin.*, No. 1:10–cv–01312–CL, 2014 WL 1347466 at *3 (D. Or. Apr. 3, 2014)

10

(noting "a significant delay of over eight months," but finding motion timely where counsel did not receive copy of notice until three days before filing motion); *Ali v. Comm'r, Soc. Sec. Admin.*, Civ. No. 3:10–cv–01232–CL, 2013 WL 3819867, at *2 (D. Or. July 21, 2013) (noting a "significant delay of over seven months," but finding counsel "was diligent" where he received copy of the notice less than two months before filing motion). And in *Sinkler*, 305 F. Supp. 3d at 459, the Western District of New York found that a period of approximately six months between counsel's notification of an award of benefits and the filing of a motion for fees (eight months less than counsel's 14-month delay here) was unreasonable, where counsel failed to provide any explanation justifying such a "significant delay." Similarly here, Plaintiff's counsel offers no reason for her long delay in filing. Nor does counsel claim ignorance of the date of Plaintiff's award of benefits.

To the extent Plaintiff's counsel relies on the doctrine of promissory estoppel to excuse her long delay in filing the Motion for Attorney Fees, such reliance is misplaced. Counsel's claim appears to center around an April 3, 2019 letter sent to her by the SSA, which informed her that "since August 2017," the SSA had been withholding $16,745.25, representing 25% of past due benefits, payable to Plaintiff, as required under the Social Security Act; and that the SSA had paid counsel $8,700 of that amount in October 2018 and "was still withholding the balance of $8,045.25." (Doc. 26-5 at 2; *see* Doc. 26 at 3.) The April 2019 letter references a November 15, 2018 letter from the SSA to Plaintiff's counsel, wherein the SSA inquired as to whether counsel would be filing a fee request with the court; and also references a

11

December 20, 2018 letter of response from counsel, wherein counsel stated that she "intended to petition the court soon." (Doc. 26-5 at 2.) The April 2019 letter further states that the SSA would "certify for payment to [Plaintiff] the balance of withheld benefits unless [counsel] petition[ed] for approval of a fee within 20 days from the date of this letter, or a written request for an extension of time." (*Id.*) If counsel asserts that these letters from the SSA give rise to a claim of promissory estoppel— i.e., that she delayed filing the Motion for Attorney Fees with the Court in reliance on these letters—the argument fails, as the express language of the Social Security Act and applicable caselaw, as discussed above, may not be set aside based on boilerplate, vague statements made by the SSA in an effort to release past-due funds to a claimant in a timely fashion. *See Paxi, LLC v. Shiseido Am. Corp.*, 636 F. Supp. 2d 275, 287 (S.D.N.Y. 2009) (holding that promissory estoppel "is a narrow doctrine which generally only applies where there is no written contract, or where the parties' written contract is unenforceable for some reason"). Further, the SSA's letters do not make any promises or representations regarding the timeliness or likelihood of success of any fee motion counsel planned to file with the court. *See Cole v. Foxmar Inc.*, No. 2:18-CV-00220, 2019 WL 2137471, at *7 (D. Vt. May 16, 2019) ("Establishment of promissory estoppel requires (1) a promise on which the promisor reasonably expects the promisee to take action or forbearance of a substantial character; (2) the promise induced a definite and substantial action or forbearance; and (3) injustice can be avoided only through the enforcement of the

promise." (quoting *Green Mountain Inv. Corp. v. Flaim*, 174 Vt. 495, 807 A.2d 461, 464 (2002))).

Another important consideration in the determination that the instant Motion has been untimely filed is the effect of counsel's delay on Plaintiff. *See Garland*, 492 F. Supp. 2d at 222–23. Given that the Commissioner has withheld 25 percent of Plaintiff's benefits for almost two years (since August 2017), pending the disposition of any attorney fees application (*see* Doc. 26 at 3, Doc. 26-5 at 2, Doc. 29 at 5 n.3, Doc. 29-2 at 3, Doc. 29-3 at 3), the delay by Plaintiff's attorney in seeking an award of fees has "direct relevance" to Plaintiff, who has an "economic stake" in the outcome of such an application because she is entitled to receive "any sum remaining after the fee award is deducted." *Garland*, 492 F. Supp. 2d at 222. In other words, after having already waited over 10 years to receive an award of benefits, counsel's delay in filing her attorney fees motion has further postponed Plaintiff's receipt of the full award of past-due benefits to which she is entitled.[5] *Id.* Under this set of facts, the Court finds that Plaintiff's counsel waited too long to file, and agrees with the following explication offered by the Eastern District of New York:

> In this decision, the court attempts to strike an appropriate balance between the interests of [counsel] and those of his client. Clearly, social security plaintiff's attorneys make a vital contribution to advancing the interests of a vulnerable group by assisting their clients to effectively advocate their entitlement to benefits. By passing [§] 406(b), Congress intended to promote the access of social security claimants to competent representation by making it easier for attorneys to collect fees.

---

[5] The Court takes nothing away from counsel's effective representation of Plaintiff, as reflected in the award of benefits. Clearly, counsel obtained a good result for Plaintiff and provided her with quality representation.

13

> However, Congress in so doing also sought to protect claimants from excessive fees. Requiring attorneys to file under [§] 406(b) in a reasonably timely fashion serves these interests by providing a flexible mechanism to enable attorneys to file fee applications while seeking to ensure that money rightfully due the plaintiff is not needlessly withheld for an excessive amount of time. Under the circumstances of the case before the court, [counsel] simply waited too long to file his application and must therefore forfeit his entitlement to a fee.

*Id.* at 222–23 (citing *Gisbrecht*, 535 U.S. at 805–06); *see Schmidt v. Colvin*, No. 11–2372–SAC, 2014 WL 2207973, at *2 (D. Kan. May 28, 2014) (denying § 406(b) fees where no explanation provided for nine-month delay); *Rice v. Astrue*, 831 F. Supp. 2d 971, 982 (N.D. Tex. 2011) (finding motion untimely when filed over one year after notice of award); *Taharah v. Astrue*, Civil Action No. 4:06–3801, 2011 WL 1882821, at *1 (S.D. Tex. May 16, 2011) (finding motion untimely when filed approximately 14 months after notice of award); *Brown v. Comm'r of Soc. Sec. Admin.*, Civil Action No. 05–1336, 2008 WL 2705457, at *1 (W.D. La. July 10, 2008) (finding motion untimely when filed almost five months after notice of award).

## Conclusion

For these reasons, and concluding that Plaintiff's counsel waited far too long to petition the court for her attorney fees, I recommend that the Court DENY Plaintiff's Motion for Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 26) as untimely.

Dated at Burlington, in the District of Vermont, this 23rd day of July 2019.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).