U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2019 OCT 22 AM 10: 13
CLERK
BY
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

BARBARA B. SARGENT,  )
    )
  Plaintiff,  )
    )
v.  )  Case No. 5:11-cv-44
    )
SOCIAL SECURITY ADMINISTRATION,  )
COMMISSIONER,  )
    )
  Defendant.  )

**ORDER ON REPORT AND RECOMMENDATION**
**(Doc. 36)**

On April 15, 2019, plaintiff's counsel, Siobhan M. McCloskey ("McCloskey"), filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (Doc. 26.) In his Report and Recommendation ("R&R") dated July 23, 2019, United States Magistrate Judge John M. Conroy recommended denial of the motion as untimely. (Doc. 36.) McCloskey filed a timely objection to the R&R. (Doc. 39.) For the reasons that follow, this court ADOPTS Judge Conroy's R&R (Doc. 36) and DENIES plaintiff's motion (Doc. 26) for attorney's fees.

### Facts

This factual statement is drawn from the court's docket, as well as McCloskey's motion for attorney's fees and the response filed by the Social Security Administration ("SSA"). (Doc. 29.) The parties have no factual disagreement.

This case commenced in June 2008 at the administrative level when plaintiff applied for Social Security disability benefits on grounds of rheumatoid arthritis, Lyme disease and

depression.[1] (*See* Doc. 13.) Plaintiff received an initial denial in July 2009. She appealed. (*Id.*) Following a hearing before Administrative Law Judge Dory Suker in July 2010, she received a partially favorable decision in August 2010. (*Id.*) The decision was selected for review by the Decision Review Board. The Board was unable to complete its review within 90 days and automatically affirmed Judge Suker's decision in December 2010. (*Id.*)

Plaintiff disagreed with the onset date determined by Judge Suker. In February 2011, plaintiff filed a *pro se* complaint seeking judicial review. (Doc. 1.) In September 2011, plaintiff, still representing herself, filed a motion seeking reversal of the administrative ruling. (Doc. 10.) In February 2012, the SSA filed a motion seeking affirmance of the ALJ's ruling. (Doc. 18.) Later in August 2012, plaintiff, now represented by McCloskey, filed a second motion to reverse and remand. (Doc. 22.)

In October 2012, the SSA filed a stipulated motion for judgment under Sentence four of 42 U.S.C. § 405(g). (Doc. 23.) The court granted the motion for remand to the ALJ on October 26, 2012, and entered a final judgment order on the same date. (Docs. 24, 25.) There were no further court filings or orders of any kind until six and a half years later on April 15, 2019, when McCloskey filed a motion for attorney's fees. (Doc. 26.)

Following the voluntary remand, plaintiff and her attorney continued to seek an earlier onset date than the date originally ordered by Judge Suker. Almost five years later, on August 21, 2017, a different ALJ found that plaintiff was disabled as of May 1, 2003. (*Id.*)

On September 17, 2017, the SSA issued notices of award to plaintiff and her two children. (Docs. 29-2–29-4.) The total amount of the back payment was $42,979.50. (*Id.*) The SSA also provided notice that it withheld $14,326 from the three claimants. (*Id.*)

---

[1] Plaintiff previously applied for disability benefits in February 2005. The SSA denied this application and she did not appeal.

On February 13, 2018, the SSA issued amended notices of award to plaintiff and her children. The amended notices corrected the amount to be withheld for attorney fees to $16,745.25, while the amount owed to plaintiff remained the same. (Docs. 29-5–29-7.) Again, the SSA provided notice that it had withheld 25 percent. McCloskey received copies of the notices.

By letter dated November 15, 2018, the SSA asked McCloskey whether she would be filing a claim for legal services. McCloskey responded on December 20, 2018 that she would file soon. (*See* Doc. 26-5 at 2; Doc. 39 at 2.)

By letter dated April 3, 2019, the SSA advised McCloskey that it had originally withheld $16,745.25. (*Id.*) From this amount it paid counsel $8,700 in October 2018 pursuant to 33 V.S.A. § 406(a). The letter requested that McCloskey file a motion with the court within 20 days. (*Id.*)

### **Standard of Review**

A district judge must make a *de novo* determination of those portions of a magistrate judge's R&R to which an objection is made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *U.S. ex rel. Anti-Discrimination Ctr. of Metro New York, Inc. v. Westchester Cty., NY*, 712 F.3d 761, 768 (2d Cir. 2013). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

McCloskey objects to Judge Conroy's recommendation that the district court deny plaintiff's application for attorney's fees under 42 U.S.C. § 406(b). (Doc. 39.)

3

## Analysis

On August 2, 2019, the Second Circuit issued its decision in *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), holding that the 14-day deadline set by Fed. R. Civ. P. 54(d)(2)(B) for post-judgment claims for attorney's fees applies to social security cases remanded for future administrative proceedings. In *Sinkler*, a "sentence four" remand led to a favorable administrative decision more than two years later. As in this case, the SSA advised the claimant and counsel of the retroactive benefit payment. *See* 932 F.3d at 85. Six months later plaintiff's counsel submitted a claim for a 25 percent contingency fee. *Id.* The Second Circuit upheld a denial of the claim as untimely. Recognizing a circuit split, the decision holds that the 14-day period runs from the date of the "sentence four" remand order and that the period is tolled until the SSA provides notice of the favorable decision. *Id.* The court recognized the discretion of the trial court to enlarge the filing period when appropriate. The court observed that filing "more than six months after receiving notice of the Commissioner's calculation of benefits on remand . . . was far outside the fourteen-day period prescribed by Rule 54(d)(2)(B), even when tolled as warranted following sentence four remand judgments." *Id.* at 90.

This case presents the same issues. The sentence four remand lasted more than six years. Nevertheless, it came to an end in September 2017 or, at the latest, February 2018 when the SSA amended its favorable decision. To be sure, plaintiff originally sought an earlier onset date. She could have elected to appeal the administrative decision and would have had 60 days to file an appeal. *See* 42 U.S.C. § 405(g). That would place the latest possible date for finality of the administrative decision at April 14, 2018. Fourteen days from April 14, 2018 expired on April 28, 2018—almost a year before McCloskey filed her motion on April 15, 2019.

4

The bright lines established by the *Sinkler* decision require this court to deny the motion for attorney's fees. A wait of approximately 12 months past the last possible date when the administrative ruling became final is unreasonable. *Sinkler*, 932 F.3d at 91 (finding a delay of six months unreasonable). Uncertainty about which rule applies would not justify the delay since under either Rule 54 or Rule 60 a delay of approximately a year is unreasonable. *Id.*

## **Conclusion**

The court ADOPTS the R&R (Doc. 36) of the magistrate judge to DENY the motion (Doc. 26) for attorney's fees under 42 U.S.C. § 406(b). This ruling is without prejudice to counsel's right to retain the fees previously paid under § 406(a) for work before the administrative agency. McCloskey has previously waived any claim for EAJA fees. (Doc. 26 at 2, 6.)

Dated at Rutland, in the District of Vermont, this __ day of October, 2019.

_____
Geoffrey W. Crawford, Chief Judge
United States District Court